UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-cr-00214-JG-8 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 1311] |
| v. | |
| BRIAN SINGLETON, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Brian Singleton is currently serving a 140-month sentence for conspiracy to possess with intent to distribute and conspiracy to distribute heroin.

At the time of his federal sentencing, Defendant Singleton was in state custody for a related offense, heroin trafficking. The Court found the state offense to be relevant conduct for the federal offense.[1] In sentencing Defendant Singleton, the Court ordered credit for Defendant's time in state custody.[2] The Court also ordered the federal and state sentences to run concurrently.[3]

Defendant now moves for a correction to his judgment order under Federal Rule of Criminal Procedure 36.[4] Defendant argues that the judgment does not accurately reflect the oral sentence ordered at his sentencing hearing.

The government opposes Defendant Singleton's motion.[5] The government argues that the written judgment accurately reflects the Court's oral sentence.

---

[1] Doc. 792 at 6:10-7:15.
[2] Doc. 647 at 2; Doc. 635 at 2.
[3] *Id.*
[4] Doc. 1311.
[5] Doc. 1313.

Case No.
GWIN, J.

For the reasons described below, the Court **GRANTS** Defendant's motion to modify the judgment.

### I. Background

Defendant Singleton pled guilty to conspiracy to possess with intent to distribute and conspiracy to distribute heroin. In March 2015, the Court sentenced Defendant Singleton to 140 months.[6] The Court ordered that federal sentence to run concurrent to Defendant's state sentence on the same drug offense.[7] The Court also ordered credit for time in federal custody and credit for time in state custody.[8]

During the sentencing hearing, the government acknowledged that Defendant Singleton was serving time in state custody on a state offense related to the federal offense.[9] The Court ordered that the federal sentence would run concurrent to the state sentence because the state offense was relevant conduct for the federal offense.[10]

At the sentencing hearing, after ordering a 140-month sentence, the Court stated: "I will order that that sentence run concurrent with the state sentence. So in effect, you will be netting somewhere around 103 months of incarceration in addition to the state sentence on this."[11]

The written sentencing judgment stated: "140 months on Count 1 of the indictment. Defendant granted credit for time in federal custody on the instant offense and for time in

---

[6] Doc. 647 at 2; Doc. 635 at 2.
[7] *Id.*
[8] *Id.*
[9] Doc. 792 at 6:10-14.
[10] *Id.* at 6:15-7:15, 11:3-7.
[11] *Id.* at 11:3-7.

Case No.
GWIN, J.

custody on state offense. The sentence in this case shall be served concurrent with the time imposed on defendant's state case."[12]

When calculating Defendant Singleton's credit for state time served, the Bureau of Prisons gave credit for Defendant Singleton's nine days in state custody before his state sentencing. The Bureau of Prisons did not give credit for the sixteen months and fourteen days Defendant was in state custody between his state sentencing and his federal sentencing. Defendant Singleton's release date is February 9, 2025.[13]

## II. Legal Standard

### a. Sentencing Guideline 5G1.3

U.S. Sentencing Guideline 5G1.3 applies when a defendant is serving an undischarged state imprisonment sentence on an offense that is relevant conduct to the federal offense.[14] Under the guideline, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."[15]

### b. Rule 36

Under Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[16]

---

[12] Doc. 647 at 2.
[13] Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/.
[14] U.S.S.G. § 5G1.3(b).
[15] U.S.S.G. § 5G1.3(b)(1).
[16] Fed. R. Crim. P. 36.

Case No.
GWIN, J.

The Sixth Circuit has held that Federal Rule 36 allows a district court to amend a sentencing order to conform with the court's sentencing intention stated on the record at the sentencing hearing.[17]

### III. Discussion

#### a. Sentencing Guideline 5G1.3

U.S. Sentencing Guideline 5G1.3 applies to Defendant Singleton's sentence. As the government explained at the sentencing hearing, Defendant Singleton was serving a state imprisonment term for heroin trafficking at the time of his federal sentence.[18] The state drug offense was relevant conduct for Defendant Singleton's federal offense: conspiracy to possess with intent to distribute and conspiracy to distribute heroin.

Under U.S. Sentencing Guideline 5G1.3, after finding that the Bureau of Prisons will not give credit for any time the defendant served on the state offense, the Court adjusts the federal sentence. Here, the Court finds that the Bureau of Prisons will not give credit for 15 months and 14 days that Defendant Singleton served in state custody before his federal sentencing. The Court therefore adjusts his 140-month sentence by sixteen months and fourteen days, resulting in a 123-month, 16-day sentence.

The instant offense is Conspiracy to Possess with Intent to Distribute and to Distribute Heroin. At the time of federal sentencing, Defendant was in state custody for heroin trafficking.[19] The Court decided that the proper sentence was 140 months. Defendant Singleton served 16 months and 14 days of his state sentence between his state and federal

---

[17] *United States v. Carr*, 421 F.3d 425, 433 (6th Cir. 2005).
[18] Doc. 792 at 6:10-7:15.
[19] Doc. 581 (sealed) at 15-16; Doc. 792 at 6:10-14.

Case No.
GWIN, J.

sentencing. Pursuant to U.S.S.G. § 5G1.3(b), the Court adjusts the federal sentence to 123 months and 16 days.

### b. Rule 36

Rule 36 allows the Court to apply the adjustment by correcting the error in the written judgment.

At the sentencing hearing, the Court stated its decision for Defendant to serve 140 months total in state and federal custody. The Court said that Defendant would "be netting somewhere around 103 months of incarceration in addition to the state sentence on this."[20]

Rule 36 allows the Court to amending the judgment to align with the Court's oral pronouncement at sentencing.[21] The Sixth Circuit has held that, where an oral sentence and a written judgment conflict, the oral sentence controls.[22] Here, Rule 36 allows the Court to amend the written judgment to align with the sentence the Court announced at the sentencing hearing.

Under Rule 36, the Court orders a corrected judgment for Defendant. The Court adjusts Defendant Singleton's sentence to 123 months and 16 days.

### IV. Conclusion

For the reasons described above, the Court **GRANTS** Defendant Singleton's motion to correct the judgment order. Under Rule 36, the Court **CORRECTS** the judgment to align with the oral sentence ordered at the sentencing hearing. The Court **ADJUSTS** Defendant Singleton's sentence to 123 months and 16 days.

---

[20] Doc. 792 at at 11:3-7.
[21] *Carr*, 421 F.3d at 433.
[22] *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008).

Case No.
GWIN, J.

    IT IS SO ORDERED.

Dated: April 18, 2022            *s/     James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE